OF THE

## STATE OF NEW JERSEY,

### ON APPEAL FROM THE COURT OF CHANCERY,

AND PREROGATIVE COURT.

JUNE TERM, 1890.

---

JULIA A. STILLWELL, appellant,

*v.*

JAMES S. STILLWELL et al., respondents.

A husband conveyed land to his wife in fraud of creditors; the wife, refusing to reconvey, he incited a judgment creditor to file a bill to set aside the wife's title, and by fraudulent contrivance prevented the process in the chancery proceeding from being served on the wife; in that procedure he became the purchaser at the sheriff's sale.—*Held*, that the decree and sale, so far as the husband was concerned, would be set aside at the instance of the wife.

---

On appeal from a decree advised by Vice-Chancellor Bird, who filed the following conclusions:

275

I think the allegations in the bill in this case have not been sustained.

1. There was no declaration of trust in the deed by which the property was conveyed to the complainant's husband, nor was there any other declaration of trust in writing. The only evidence of any trust is the statement of the complainant and of her mother, made for the first time when the bill was filed or since and after the death of her husband, to whom the property was conveyed in 1864.

2. There is no evidence of any claim that the husband held the title to the property in question in trust from the time it was deeded to him in 1864 until 1882, a period of eighteen years, when he made a conveyance of the title to his mother-in-law, who immediately conveyed it to the complainant. It is impossible for me to conclude that all this period of time could have elapsed without some clear and distinct claim upon the part of the wife that her husband held this property in trust for her, and an acknowldgment on his part that such claim was true. All the circumstances in the case which are insisted upon as showing some such right in behalf of the complainant, are fully counterbalanced by circumstances showing that the husband regarded and treated the property as his own.

3. When, in 1882, the husband transferred the title to the complainant, he did not do it because of any claim against him as trustee on the part of his wife as beneficiary, but because he had with others endorsed a promissory note, and had thereby become liable for the payment of a certain sum of money. Now, it impresses me most strongly that if there ever was even the slightest understanding that the title was to be held by the husband in trust for the complainant, she would have based her claim to a conveyance of the title to her upon that ground, surer and stronger by far, because not illegal or fraudulent, rather than upon the ground of pecuniary liability upon the part of the husband.

4. After she had held the title for two years, and this court had declared the conveyance to her fraudulent and void as against creditors, and it is about to be sold in order to satisfy the judg--

Stillwell *v.* Stillwell.

ment against her husband, and she has a conference with the counsel of her husband about it, she even then makes no claim to any superior right over that of her husband, because the property was always hers in fact, he having held it in trust for her, and that the conveyance to her in 1882 was but a performance of his obligations to convey.

5. It clearly appears that the complainant never made any assertion of her claims until after the death of her husband, and it may, with great propriety, be added, nor until after the death of the grantor.

6. The testimony upon the part of the complainant shows that if there was at any time an understanding that Stillwell was to hold the title in trust for his wife, the deed was taken in his name to give him credit as a business man, and for that purpose the declaration of the trust was excluded from the deed. It also shows that by means of the deed he acquired a credit. And the defendants distinctly assert, as already intimated, that Stillwell sought to have the title made to his wife because he had become liable for the payment of $162. These things are all fraudulent in the law, and the law never helps any one who becomes involved in such a transaction.

I advise that the bill be dismissed, with costs.

*Mr. William S. Throckmorton,* for the appellant.

*Mr. Frank P. McDermott* and *Mr. H. M. Nevius,* for the respondents.

The opinion of the court was delivered by

BEASLEY, C. J.

The facts of the case as established by the pleadings and the evidence are, in brief, these : That Charles A. Stillwell, the husband of the appellant, conveyed to her, as a cover against his creditors, the lands in dispute.

Subsequently, being desirous of again acquiring a title to the property, and his wife refusing to reconvey it, the husband

assisted a creditor, who had obtained judgment and had filed a. bill to set aside the conveyance to the wife, on the ground of its fraudulent purpose, to obtain a decree and sale of the premises. By the contrivance of the husband no process in this chancery suit was served on the appellant, and she was left in entire ignor- ance of the pendency of such suit. Nor did she know of the sale that took place in the procedure. At that sale the husband became the purchaser and obtained a sheriff's deed. The consideration was his payment of his own debt to the judgment creditor. Having thus acquired a title to the land through the sheriff, he concealed that fact from his wife, and, in that situation of affairs, died.

His heirs claiming the land, the wife filed her bill for relief against the title thus derived from her husband.

The case in the court of chancery appears to have been decided on the ground that inasmuch as the title of the appellant was acquired in fraud of creditors, a court of equity would not help her, and, consequently, her bill was dismissed.

But this ground of decision seems to be not congruous with the substantial issue. Whether the appellant's title was fraudulent or not, was of no consequence in the present case. Admitting, as has been admitted, that the appellant's title, as derived from her husband, was void at the instance of creditors, that fact did not prevent her from setting up in a court of equity, that either her husband or some one else had, by fraud, got the title from her. To hold otherwise would be to lay down the doctrine, that the holder of one of these surreptitious titles was, with respect to it, put out of the protection of the law. There is no such principle of law or equity.

In this case the appellant is not in court attempting to validate her title; what she seeks is, that a decree and sale to which she was not a party, by reason of the fraud of her husband, and in which he alone was interested, should be vacated.

This relief she is plainly entitled to.

Let there be a reversal and a decree revesting title in appellant &c.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Depue, Dixon, Garrison, Magie, Reed, Scudder, Van Syckel, Brown, Cole—10.